**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| EDWARD HARVEY, ) | |
|             Plaintiff, ) | 3:10-cv-08025 JWS |
|     vs. ) | ORDER AND OPINION |
| NAVAJO COUNTY, *et al.*, ) | [Re: Motions at dockets 106-113] |
|             Defendants. ) | |

## I. MOTIONS PRESENTED

At dockets 106, 107, 108, 109, 110, 111, 112, and 113, plaintiff moves *in limine* to preclude presentation of various items at trial. Defendants respond at docket 128. No replies were filed. Oral argument was requested but would not assist the court.

## II. DISCUSSION

**A. Motion at Docket 106**

Plaintiff argues that testimony from Paul Bastedo ("Bastedo") should be excluded. Bastedo stated at his deposition that Harvey told him that he carried three weapons with him and that he was "going to plink anybody that [gave] him a hard

time."[1]  Plaintiff argues that the incident has no probative value.  Assuming there is evidence that law enforcement personnel were aware of the matter, the testimony is generally relevant to plaintiff's claim that the deputies' conduct was unreasonable.

**B. Motion at Docket 107**

Plaintiff seeks to exclude evidence that he is a "hoarder."  The court agrees with plaintiff that testimony regarding hoarding by Harvey as an obsessive-compulsive disorder should not be permitted except through competent expert testimony.  However, defendants state that they do not intend to describe plaintiff as an obsessive-compulsive hoarder.[2]  Rather, they contend that the term "hoarding" is an ordinary word used in day-to-day parlance and that if the term is used in testimony by a lay person in that fashion it cannot be characterized as opinion testimony about a mental condition.  The court agrees that so long as any lay testimony about Harvey being a hoarder is confined to the casual, non-technical, conversational use of the term, there is no problem and such testimony would be admissible.

**C. Motion at Docket 108**

Plaintiff seeks to exclude evidence that he spanked his daughter repeatedly with a rubber hose.  Plaintiff argues that the evidence is irrelevant and prejudicial.  Although there is some risk of prejudice, it is not unfair prejudice and it does not substantially outweigh the evidence's probative value.[3]  The evidence is relevant to the conditions and treatment to which Jo-Anne Harvey was subjected and the foundation for and reasonableness of what was done at Harvey's residence.

**D. Motion at Docket 109**

Plaintiff seeks to exclude evidence of a misdemeanor conviction in California on a concealed weapon charge.  Federal Rule of Evidence 404(b)(1) prohibits evidence of

---

[1] Doc. 160-1 at 3.

[2] Doc. 128 at 2.

[3] *See* Fed. R. Evid. 403.

a crime to prove character and conduct in conformity with that character.[4] Rule 404(b)(2), however, permits introduction of such evidence for other purposes.[5] Evidence of plaintiff's misdemeanor conviction for carrying a concealed weapon is relevant to both knowledge–if, as defendants predict, plaintiff argues he did not know it was illegal to carry a concealed weapon–and absence of mistake; it is also potentially relevant for other purposes.[6]

**E.  Motion at Docket 110**

Plaintiff seeks to exclude evidence of the condition of his home.  Plaintiff argues that photographs and testimony regarding the condition of his home lacks foundation. Defendant responds that an adequate foundation will be laid by deputies and animal control officers who were present when the photographs were taken and by witnesses who were on the premises the day before the photos were taken.  The condition of plaintiff's home is clearly relevant, and the probative value of the evidence in question is not substantially outweighed by the danger of unfair prejudice.[7]

**F.  Motion at Docket 111**

Plaintiff seeks to exclude testimony from Bastedo that he saw plaintiff's dogs running loose.  However, defendants represent that they do not plan to elicit such testimony from Bastedo.  Consequently, plaintiff's motion will be denied as moot.

**G.  Motion at Docket 112**

Plaintiff seeks to exclude evidence from child protective services (and in particular, Dawn Dee Goulet) of the condition of plaintiff's residence on the day after he was arrested.  Plaintiff argues that the evidence is highly prejudicial and lacks a foundation.  Defendants maintain that an adequate foundation will be laid.  Some of the

---

[4] Fed. R. Evid. 404(b)(1).

[5] Fed. R. Evid. 404(b)(2).

[6] *See id.*

[7] *See* Fed. R. Evid. 403.

photographs (particularly those that depict plaintiff's dogs after having been killed) could be highly prejudicial and misleading. The court may exclude specific photographs when it rules on the parties' exhibit objections in a separate order, but the motion *in limine* will be denied because it sweeps too broadly through the exhibits.

**H. Motion at Docket 113**

Finally, plaintiff seeks to exclude evidence of statements in a letter from Jo-Anne Harvey to her school counselor, Renell Heister. Plaintiff argues that the letter is hearsay and that it is not relevant and unfairly prejudicial. The content of the letter is not offered for its truth, but instead to explain the subsequent actions of persons who learned of it. Offered for that limited purpose there is no hearsay problem. A limiting instruction will be given if requested at trial. It may be added that Jo-Anne Harvey is scheduled to testify at trial and can be examined and cross-examined about the events described in the letter.

### III. CONCLUSION

For the reasons above, plaintiffs motions *in limine* at dockets 106, 107, 108, 109, 110, 111, 112, and 113 are **DENIED**.

DATED this 2nd day of May 2012.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE