UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

EDWARD HARVEY,

       Plaintiff,

     vs.

NAVAJO COUNTY, *et al.*,

       Defendants.

)
)
)
)
)
)
)
)
)

3:10-cv-08025 JWS

ORDER AND OPINION

[Re: Motion at Docket 105]

## I.  MOTION PRESENTED

At docket 105, defendants Navajo County, *et al.,* move *in limine* to exclude various evidence.  Plaintiff Edward Harvey opposes the motion at docket 129.  No reply was filed.  Oral argument was requested, but would not assist the court.

## II.  DISCUSSION

### A.  Statements of Ron Jones in Newspaper Articles

Defendants argue that statements in newspaper articles attributed to Ron Jones ("Jones"), head of Navajo County Animal Control, are inadmissible hearsay and unfairly prejudicial.  Plaintiff responds that the statements are admissions, pursuant to Federal Rule of Evidence 801(d)(2), and that such statements are admissible to impeach Jones. The court assumes the newspaper article in question is one provided as an exhibit.  The court ruled in its order regarding admissibility of exhibits that questions may be put to

1  the witness about any quotations attributed to the witness by the author of the article,
2  but the newspaper article itself is hearsay and may not be admitted.

3  **B. Newspaper Articles Generally**

4        Defendants argue that all newspaper articles or media reports should be
5  excluded based on the danger of unfair prejudice.[1]  Newspaper articles are hearsay and
6  may not be admitted to establish the truth of what is said in the articles. The newspaper
7  articles will not be admitted.  *See generally* the court's order ruling on the admission of
8  the parties' exhibits.

9  **C. Testimony and Photos of Dead and Decomposing Dogs**

10       Defendants maintain that photographs of plaintiff's dead dogs are irrelevant
11  because plaintiff is not entitled to emotional distress damages based on their deaths.
12  Defendants are correct that, consistent with *Kaufman v. Langhofer*,[2] plaintiff may not
13  "recover emotional distress or loss of companionship damages for a pet negligently
14  injured or killed."  However, plaintiff's dogs were intentionally killed.  The Arizona Court
15  of Appeals explicitly stated that "[t]he scope of [its] decision [in *Kaufman*] is narrow" and
16  dealt "only with the measure of damages for a loss of a pet *negligently* injured or killed."[3]
17  The court noted that "[s]everal states allow damages for the intentional infliction of
18  emotional distress when a pet is injured or killed through intentional, willful, malicious, or
19  reckless conduct"[4] and that it remains an open question in Arizona.  This court is of the
20  opinion that Arizona law would track that of other jurisdictions in situations where the
21  killing is intentional.  It appears that defendants will introduce evidence to support the
22  proposition that the killings were justified by the circumstances.  However, it would be

---

25       [1]Doc. 105.

26       [2]222 P.3d 272, 279 (Ariz. Ct. App. 2009).

27       [3]*Id.* at 279 n.13 (emphasis added).

28       [4]*Id.*

1   for the jury to determine whether the killings were justified.  The mere possibility that the

2   killings were justified is not a basis for excluding the evidence.

3   **D.  Jailhouse Visit from Church Members**

4          Defendants argue that evidence plaintiff was visited in jail by two women from a

5   local church should be excluded.  Defendants argue that it is irrelevant–because plaintiff

6   is not entitled to damages for emotional distress, that there is no record of their visit,

7   and that plaintiff has not disclosed their names to allow further investigation.  Plaintiff

8   argues that it is probative of his physical and mental condition while in jail.  As

9   discussed above, plaintiff will be permitted to seek emotional distress damages

10  stemming from an intentional killing of his dogs.  Plaintiff will be permitted to testify that

11  he was visited by two church women.  Plaintiff will not be permitted to testify about

12  anything the women said, for that would constitute hearsay.  Moreover, defendants will

13  be permitted to present evidence that the jail has no record of the women's visit.

14  **E.  Apache County Animal Rescue**

15         Defendants argue that evidence that Apache County (which neighbors Navajo

16  County, where the events relevant to this lawsuit occurred) engaged in a "very large,

17  sophisticated and pre-planned rescue of about 200 dogs" should be excluded.[5]

18  Defendants argue that the event is too remote in time because it occurred two years

19  after the events giving rise to the present suit, that a proper foundation would be

20  required, and that to lay such a foundation would require several days.  Plaintiff argues

21  that the Apache County rescue is relevant to establish that Navajo County Animal

22  Control had alternatives to shooting plaintiff's dogs.  The court agrees with plaintiff that

23  the evidence has some relevance.  However, it is not clear that the circumstances were

24  sufficiently similar to those in the case at bar.  The court is also concerned that there is

25  a substantial risk that the time required to explore this topic, together with the possibility

26  of confusing or misleading the jury would substantially outweigh its relatively modest

27  _____

28         [5]Doc. 105 at 4.

-3-

1   probative value.  Plaintiff will be afforded an opportunity to make a concise offer of proof
2   which, among other things, must show that sufficient similarity between the Apache
3   County action and the circumstances in the case at bar can be established and
4   meaningfully tested without consuming a great deal of time before the court rules on this
5   issue.  Under no circumstances will the court permit a mini-trial on this issue.

6   **F. Evidence of Deputy Adams' Prior Conduct**

7           Defendants argue that evidence that Deputy Jeff Adams ("Adams") hassled two
8   male teenagers, used profanity and threatened to taser a women, and engaged in a
9   questionable search of a person's residence is barred by Federal Rule of Evidence
10  404(b) and that the evidence is irrelevant.  Plaintiff maintains that evidence of Adams'
11  prior conduct is relevant to his negligent supervision claim.  The court disagrees with
12  defendants that the evidence is barred by Rule 404(b)–the evidence is not offered to
13  prove conduct in conformity with the prior acts described.  However, defendants are
14  correct that Adams' prior acts are only relevant if it is established that Adams'
15  supervisors were aware of them. In addition, the court is concerned that a full
16  exploration of Adams' alleged conduct would require an inordinate amount of time and
17  possibly confuse the jury.  If the issue of supervisory liability survives the court's ruling
18  on the impact of collateral estoppel on this case, the court will hear a brief offer of proof
19  from plaintiff on this matter before making a final ruling.

20   **G. Evidence of Other Defendants' Prior Conduct**

21          Defendants maintain that evidence of other defendants' prior acts is barred by
22  Rule 404(b).  Without more specificity, the court is unable to determine whether such
23  evidence is admissible.  If offered to prove conduct in conformity with the prior acts, it is
24  barred by Rule 404(b); if offered for other purposes, it is potentially admissible.

25  **H.  Evidence that Plaintiff's Dogs Were Shot**

26          Defendants argue that evidence that plaintiff's dogs were shot is inadmissible
27  because emotional distress damages are not available to plaintiff and because "[a]ll the

28

jury needs to know is that the animals were destroyed."[6]  The availability of damages "for the intentional infliction of emotional distress when a pet is . . . killed through intentional, willful, malicious, or reckless conduct"[7] is an open question under Arizona law, but as noted above, this court is inclined to the view that Arizona would follow the law developed in other jurisdictions permitting such a claim where the acts are intentional.  The court declines to exclude evidence that plaintiff's dogs were shot.

**I. Evidence that Plaintiff's Dogs Suffered**

Defendants argue that evidence that plaintiff's dogs suffered after being shot should be excluded.  Plaintiff responds that evidence of his dogs' suffering is somehow probative of the alleged constitutional violation and also of defendants' outrageous conduct.  The Alaska case cited by plaintiff, although it "recognize[d] a cause of action for intentional infliction of emotional distress for the intentional or reckless killing of a pet animal,"[8] does not support plaintiff's contention that evidence of a pet's suffering is probative of the outrageousness of the offending party.  However, the extent of plaintiff's own emotional distress might be affected by his actual knowledge of some dogs' suffering.  The court declines to exclude evidence, if there is any, that one or more of the dogs suffered by virtue of being shot.

**J. Evidence that Some Dogs Were Left on Other Property**

Defendants seek to exclude evidence that some of plaintiff's dogs were taken and left "on open ground in a very, very, vacant portion of Navajo County."[9]  Defendants maintain that the evidence is irrelevant, and misleading, confusing and unfairly prejudicial under Rule 403.  Plaintiff responds that the evidence demonstrates that dogs could have been transported from plaintiff's property, that animal control disregarded

[6]Doc. 105 at 7.

[7]*Kaufman*, 222 P.3d at 279 n.13.

[8]*Richardson v. Fairbanks North Star Borough*, 705 P.2d  454, 456 (Alaska 1985).

[9]Doc. 105 at 8.

1  public safety, and that animal control attempted a cover-up.[10]  If some dogs were

2  transported from plaintiff's property, it suggests that there may have been alternatives to

3  shooting them. The evidence is not unfairly prejudicial.  Although the evidence carries

4  with it some tendency to confuse the issues, that tendency does not substantially

5  outweigh the evidence's probative value.  This evidence is admissible.

6  **K.  Evidence Regarding Dogs With Plaintiff When He Was Arrested**

7          Defendants argue that evidence that plaintiff had dogs with him when he was

8  arrested and that those dogs were taken to the Humane Society and adopted should be

9  excluded because no witness can testify from firsthand knowledge that the dogs were

10  adopted and not euthanized.  Plaintiff responds that Tammy Puckett ("Puckett") can

11  offer such testimony.  Plaintiff listed Puckett on his witness list and represented therein

12  that she will testify to that effect.[11]  While those dogs were not at plaintiff's home, their

13  condition could support an inference regarding the condition of the dogs which were at

14  the home.  This evidence will not be excluded.

15                              **III.  CONCLUSION**

16          For the reasons above, defendants' motion *in limine* at docket 105 is **GRANTED**

17  in part and **DENIED** in part consistent with the discussion above.

18          DATED this 8th day of May 2012.

19

20                                    _____/s/_____
                                          JOHN W. SEDWICK
21                                     UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27      [10]Doc. 129 at 13.

28      [11]Doc. 116 at 13–14.

                                    -6-