UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| EDWARD HARVEY, | ) | |
| | ) | 3:10-cv-8025 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| NAVAJO COUNTY, *et al.*, | ) | [Re: Motion at docket 177] |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.  MOTION PRESENTED

At docket 177, plaintiff Edward Harvey ("Harvey") files a renewed motion for judgment in his favor as a matter of law or for a new trial.  Defendants Navajo County, *et al.,* (collectively "defendants") oppose the motion at docket 178.  Harvey replies at docket 179.  Oral argument was requested but would not assist the court.

## II.  STANDARD OF REVIEW

Rule 50 of the Federal Rules of Civil Procedure provides that a trial court may enter a judgment as a matter of law on an issue as to which it finds that "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."[1]  Where, as here, the court has been presented with a renewed motion for

---

[1] Fed. R. Civ. P. 50(a)(1).

judgment as a matter of law made after the verdict has been returned, the grounds for the renewed motion are, "limited to those grounds asserted in the pre-deliberation Rule 50(a) motion."[2] Moreover, in deciding a Rule 50 motion the district court may not make any credibility determination nor may it weigh the evidence.[3] Rather, the test which the court must apply is "whether the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict."[4]

Motions for a new trial are made pursuant to Fed. R. Civ. P. 59. A motion for a new trial should be granted only if there is no evidence to support the verdict, or failing to grant the motion would reflect a trial court's misapplication of the law.[5]

### III.  DISCUSSION

The parties are familiar with the facts giving rise to the lawsuit, and they need not be repeated here. Readers who did not observe the trial may wish to read the parties' trial briefs at dockets 135 and 140, as well as the motion papers identified in Section 1 of this order. Harvey advances four grounds in support of his motion, the last two of which are very closely related. First, he contends that the community caretaker doctrine could not have been used to arrest and confine him. Second, he argues that the verdict for defendants on his claim relating to the killing of his dogs "was against the weight of the evidence."[6] Third, he argues that the court erred by denying his request for a ruling

---

[2]*E.E.O.C. v. Go Daddy Software, Inc.* 581 F.3d 951, 961 (9th Cir. 2009).

[3]*Id.*

[4]*Id.* quoting *Josephs v. Pacific Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006).

[5]*Id.* at 962.

[6]Doc. 177 at 3.

that as a matter of law his arrest and detention for possessing a firearm on school grounds warrants relief. The fourth contention is closely related to the third: Harvey asserts that the failure to give a jury instruction that set out the elements of the offense of carrying a deadly weapon on school grounds requires a new trial. The court addresses these in turn.

**A.  Arrest and Detention**

The court begins with the observation that Harvey has not advanced any error in Deputy Adams' stopping him as a basis for relief. Rather, it is the arrest and decision to detain rather than release which are advanced to support the motion.

When deputy Adams ("Adams") made the arrest and later when he made the decision to detain rather than release Harvey, there was probable cause to believe Harvey had been carrying a concealed weapon without a permit, an act which at the time was a felony under Arizona law. Probable cause was established by testimony at trial showing that prior to the stop Harvey's daughter had advised that Harvey always carried a sidearm in his pocket, Adams' observation of a bulge inside Harvey's pocket consistent with a firearm, Adams' discovery of the firearm concealed in the pocket, and the officers' pre-stop inquiry which had established that Harvey did not have a permit to carry a concealed weapon.[7]

The first question then is whether Adams' belief that he should arrest Harvey based on the community caretaker doctrine renders the arrest unlawful, which would

---

[7]At trial, Harvey testified that the sidearm was partly poking out of the pocket which would have rendered it an unconcealed weapon, but Adams' testimony was to the contrary. The court cannot resolve credibility issues in deciding the pending motion.

then entitle Harvey to judgment on his claims relating to the arrest. With respect to the arrest, it does not matter what was in Adams' mind, because the legality of the arrest depends on the existence of probable cause arising from the totality of the circumstances. The Supreme Court has explained: "Our cases make clear that an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause. That is to say, his subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause."[8] The evidence at trial clearly established probable cause for the arrest on the concealed weapons violation, so the arrest was lawful, even if one assumes that Adams' only reason for making the arrest was to protect Harvey's daughter and ex-wife by invoking the community caretaker doctrine.

The second question is whether Adams' decision to detain rather than release Harvey based on concerns for the safety of Harvey's daughter and ex-wife violated Harvey's constitutional rights. It did not. Once arrested, Harvey had a right (which he was afforded) to be promptly taken before a judicial officer to determine whether he should be detained. Harvey argues that Adams' discretion had to be exercised in a way that was both "*rational* and *reasonable.*"[9] Harvey relies on *Colorado v. Bertine*.[10] While that case recognized that an officer's conduct must be reasonable to avoid a Fourth Amendment violation, the case involved an inventory search of an automobile, not a

---

[8] *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004).

[9] Doc. 177 at 6 (emphasis in original).

[10] 479 U.S. 367 (1987).

decision to detain an arrested person.  Moreover, *Bertine* reiterated the principle announced in earlier cases that the Fourth Amendment may not be read always to require a less restrictive alternative than the one actually used by a police officer.[11]

Assuming that an arresting officer's decision to hold a person arrested on a felony charge pending an appearance before a judicial officer may support a false arrest or civil rights claim if the decision was an irrational or unreasonable exercise of discretion, Harvey would be entitled to judgment as a matter of law on this issue only if the evidence at trial could support but a single conclusion–that Adams' decision was irrational or unreasonable.[12]  Based on the information available to Adams at the time, Harvey could properly be viewed as a threat to his daughter and ex-wife such that holding him until a judicial officer could review the need for his detention on the concealed weapon charge was not necessarily irrational nor was it necessarily unreasonable.

## B.  Killing Harvey's Dogs

Harvey maintains that the weight of the evidence shows that there was no need to kill the dogs.  However, even if the weight of the evidence were aligned with Harvey's view, that is not the pertinent inquiry.  The question is whether the evidence can support no conclusion other than that the dogs did not need to be killed.  Depending on what conclusions the jury drew about witness credibility and the weight of the evidence, this issue could have been decided either way.  Given that the court cannot invade the jury's

---

[11] *Id.* at 373-74.

[12] *Go Daddy Software*, 443 F.3d at 1062.

province with respect to credibility and the weight to give any particular evidence, the jury's decision on this issue cannot be overturned by the court.

**C. Gun on School Grounds**

As Harvey points out, the evidence at trial clearly established that Harvey could not have been arrested for possessing a gun on school grounds, because he was not on school grounds when he was arrested. At trial in the jury's presence, defendants conceded that Adams was mistaken when he believed Harvey had committed that crime. As noted above, Adams' state of mind is irrelevant to Harvey's arrest, because the arrest was supported by probable cause that Harvey had committed the crime of carrying a concealed weapon without a permit. For that reason, and because the defendants foreswore any reliance on the school grounds crime to support their actions, it would have served no purpose for the court to enter a judgment for Harvey on that issue. Similarly, it would have served no purpose to instruct the jury on the elements of the gun on school grounds charge.

To the extent that Harvey may maintain these related arguments on the theory that the jury would have then awarded Harvey some damages, he overlooks the point that the arrest and detention were justified on other grounds. That being the jury's decision, Harvey would not have been entitled to any damage based on Adams' mistaken belief that Harvey had carried a gun on school grounds.

## IV.   CONCLUSION

For the reasons above, the court concludes that Harvey's motion falls well short under the demanding standards applicable to Rule 50 and Rule 59 motions.  The motion at docket 177 is DENIED.

DATED this 27th day of July 2012.


/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE